UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. _____

JAMAR ANTONIO EVANS,

     Plaintiff,

vs.

CITY OF MELBOURNE, a Florida Municipality, and
OFFICER DANIEL MOFFATT, Individually,

     Defendants.

_____/

## COMPLAINT
### (Jury Trial Demanded)

Plaintiff, Jamar Antonio Evans, hereby sues Defendants, City of Melbourne, a Florida Municipality, and Officer Daniel Moffatt, Individually, (hereinafter referred to as Officer Moffatt), and alleges:

### GENERAL ALLEGATIONS

1.    This is an action brought pursuant to the provisions of 42 U.S.C. § 1983 and 1988 and Fourth Amendment to the United States Constitution, together with state law claims.

2.    This Court has jurisdiction of this action pursuant to provision 42 U.S.C. § 1983, 28 U.S.C. § 1343 and 28 U.S.C. § 1331. Jurisdiction over the state law claims is based upon the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367.

3.    At all times material hereto, Plaintiff, Jamar Antonio Evans, was and is a resident of Brevard County, Florida, and the United States of America.

4.     At all times material hereto, the City of Melbourne was a municipal corporation located within the confines of Brevard County, Florida.

5.     At all times material hereto, Officer Moffatt was a resident of Brevard County, Florida, and a police officer with Melbourne Police Department, an agency of the City of Melbourne.

6.     And at all times material hereto, Officer Moffatt was acting in the course and scope of his employment and under the color of law, unless otherwise indicated, and Officer Moffatt is sued herein in his official and individual capacity.

7.     On or about April 28, 2022, Plaintiff, Jamar Antonio Evans, furnished the City of Melbourne and Department of Financial Services with written notice of claim via certified mail -- return receipt requested pursuant to Section 768.28, Florida Statutes.

8.     Plaintiff, Jamar Antonio Evans, has complied with all the conditions precedent, including the conditions precedent set forth in Section 768.28, Florida Statutes, prior to filing this civil action.

9.     Plaintiff, Jamar Antonio Evans, has retained the undersigned counsel and agreed to pay them reasonable attorney's fees to represent him in this action.

## STATEMENT OF FACTS

10.     On July 10, 2021, at approximately 1:00 a.m., while Plaintiff, Jamar Antonio Evans, was driving his vehicle in the area of East NASA Boulevard and South Harbor City Boulevard in Melbourne, Brevard County, Florida, Officer Moffatt falsely claimed Plaintiff made an illegal lane change, something that never occurred.

11.     Officer Moffatt turned on his overhead emergency lights to conduct an illegal traffic stop (no traffic violation, vehicle defect or other conduct warranted the

2

stop) on Plaintiff, Jamar Antonio Evans, and Plaintiff, Jamar Antonio Evans, stopped his vehicle in compliance with Officer Moffatt's order to stop.

12.     Officer Moffatt came in contact with Plaintiff, Jamar Antonio Evans, who was the driver and the only person in the vehicle.

13.     Officer Moffatt confronted Plaintiff, Jamar Antonio Evans, about the alleged traffic violation and falsely represented in his sworn Arrest Affidavit (attached hereto as Exhibit 1) "When Jamar was speaking, I detected an odor of alcoholic beverages emanating from his breath."  In fact, this was not true and Officer Moffatt admitted as much to a back-up officer at the scene, when Officer Moffatt could have ceased the arrest and detention.  The Plaintiff denied having been drinking alcohol.

15.     Using this false pretext he ordered the Plaintiff to perform field sobriety tests on a clearly uneven surface and then arrested the Plaintiff for DUI and had him transported to jail, where he was held for 20.5 hours.

16.     The Plaintiff complied with a requested breath test and urine sample, both of which clearly showed he was not in violation of the law.

17.     Officer Moffatt illegally arrested Plaintiff, Jamar Antonio Evans, for driving under the influence.

18.     Plaintiff, Jamar Antonio Evans, was illegally handcuffed, placed in the rear of a police patrol car, transported to the Brevard County Jail, booked into the jail and held in custody until he posted a bond and was released from custody.

19.     Plaintiff, Jamar Antonio Evans, immediately pled Not Guilty to the aforementioned baseless and frivolous charges.

3

20.     On March 7, 2022, in open Court during the Jury Trial of this matter, the Brevard County State Attorney's Office dropped the charges of driving under the influence against Plaintiff, Jamar Antonio Evans and the case was dismissed.

## COUNT I – SECTION 1983
## CLAIM AGAINST OFFICER MOFFATT
## UNLAWFUL STOP, DETENTION AND INTERROGATION

21.     Plaintiff, Jamar Antonio Evans, hereby realleges, readopts, and reincorporates Paragraphs 1 through 20 above as if fully set forth herein.

22.     The actions of Officer Moffatt in causing the stop, detention and interrogation of Plaintiff, Jamar Antonio Evans, in the absence of probable cause were taken in absence of lawful authority.

23.     The conduct of Officer Moffatt towards Plaintiff, Jamar Antonio Evans, was objectively unreasonable and violated the clearly established rights of Plaintiff, Jamar Antonio Evans, under the Fourth Amendment of the United States Constitution, and 42 U.S.C. § 1983, to be free from stop, detention and interrogation in the absence of probable cause.

24.     As a direct and proximate result of the acts described herein, in violation of 42 U.S.C. § 1983, Plaintiff, Jamar Antonio Evans, has suffered loss of his liberty and freedom and mental anguish.

**WHEREFORE**, Plaintiff, Jamar Antonio Evans, demands judgment against Officer Moffatt as follows:

        a.      for compensatory damages;

        b.      for punitive damages;

c.      for costs of this action and attorney's fees pursuant to Provisions of

42 U.S.C. § 1983 and § 1988; and

d.      any further relief as allowed by law due to the unlawful conduct of

Officer Moffatt.

## COUNT II – SECTION 1983
## CLAIM AGAINST OFFICER MOFFATT
## FALSE ARREST/FALSE IMPRISONMENT

25.      Plaintiff, Jamar Antonio Evans, hereby realleges, readopts, and reincorporates Paragraphs 1 through 20 above as if fully set forth herein.

26.      The actions of Officer Moffatt in causing the arrest of Plaintiff, Jamar Antonio Evans, in the absence of probable cause were taken in the absence of lawful authority.  The actions of Officer Moffatt constitute false arrest/false imprisonment of Plaintiff, Jamar Antonio Evans.

27.      The conduct of Officer Moffatt towards Plaintiff, Jamar Antonio Evans, was objectively unreasonable and violated the clearly established rights of Plaintiff, Jamar Antonio Evans, under the Fourth Amendment of the United States Constitution, and 42 U.S.C. § 1983, to be free from seizure, arrest and confinement in the absence of probable cause.

28.      As a direct and proximate result of the acts described herein, in violation of U.S.C. § 1983, Plaintiff, Jamar Antonio Evans, has been brought into public scandal, with great humiliation, mental suffering and damaged reputation.

29.      As a further direct and proximate result of the conduct of Officer Moffatt, Plaintiff, Jamar Antonio Evans, suffered loss of his liberty and freedom and the costs of bond and defense of the criminal prosecution.  The losses of Plaintiff, Jamar Antonio

Evans, are either permanent or continuing and Plaintiff, Jamar Antonio Evans, will suffer the losses in the future, in violation of the civil rights of Plaintiff, Jamar Antonio Evans.

**WHEREFORE**, Plaintiff, Jamar Antonio Evans, demands judgment against Officer Moffatt as follows:

        a.      for compensatory damages;

        b.      for punitive damages;

        c.      for costs of this action and attorney's fees pursuant to Provisions of 42 U.S.C. § 1983 and § 1988; and

        d.      any further relief as allowed by law due to the unlawful conduct of Officer Moffatt.

**COUNT III – STATE LAW
CLAIM AGAINST THE CITY OF MELBOURNE
FALSE ARREST/FALSEIMPRISONMENT**

30. Plaintiff, Jamar Antonio Evans, hereby realleges, readopts, and reincorporates Paragraphs 1 through 20 above as if fully set forth herein.

31. Officer Moffatt did not have probable cause to believe that Plaintiff, Jamar Antonio Evans, had committed the alleged criminal offenses of driving under the influence and circumstances known to Officer Moffatt were not sufficient to cause a reasonable, cautious person to believe that Plaintiff, Jamar Antonio Evans, had committed the aforementioned criminal offenses.

32. Officer Moffatt intentionally caused Plaintiff, Jamar Antonio Evans, to be arrested and restrained for the alleged criminal offenses of driving under the influence. Further, Officer Moffatt either purposely caused the arrest and restraint of Plaintiff, Jamar

Antonio Evans, or otherwise acted with knowledge that the arrest and restraint of Plaintiff, Jamar Antonio Evans, would be substantially certain to occur.

33.   The arrest and restraint of Plaintiff, Jamar Antonio Evans, was against the will of Plaintiff, Jamar Antonio Evans, and was unlawful, unreasonable and without probable cause.

34.   As a direct and proximate result of the aforementioned acts, Plaintiff, Jamar Antonio Evans, has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation.

35.   As a further direct and proximate result of the conduct of the City of Melbourne, Plaintiff, Jamar Antonio Evans, was arrested, detained and confined in jail and suffered from or incurred injury to his reputation and health; shame; humiliation and embarrassment; mental anguish; emotional distress; legal expenses; costs of bond and other related expenses.

**WHEREFORE**, Plaintiff, Jamar Antonio Evans, hereby demands judgment for damages against the City of Melbourne, together with costs of this civil action and any further relief this Court deems appropriate.

### COUNT IV – STATE LAW
### CLAIM AGAINST OFFICER MOFFATT
### FALSE ARREST/FALSE IMPRISONMENT

36.   Plaintiff, Jamar Antonio Evans, hereby realleges, readopts, and reincorporates Paragraphs 1 through 20 above as if fully set forth herein.

37.   Officer Moffatt, individually, proximately caused the arrest of Plaintiff, Jamar Antonio Evans, in the absence of probable cause that Plaintiff, Jamar Antonio Evans, committed any criminal offense.

38. The actions of Officer Moffatt, individually, in causing the arrest of Plaintiff, Jamar Antonio Evans, in the absence of probable cause, were taken in absence of lawful authority. The actions of Officer Moffatt, individually, constitute false arrest/false imprisonment of Plaintiff, Jamar Antonio Evans.

39. Or, in the alternative, if the false arrest/false imprisonment of Plaintiff, Jamar Antonio Evans, was not committed by Officer Moffatt during the course and scope of his employment with the City of Melbourne, or was committed by Officer Moffatt in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, the false arrest/false imprisonment of Plaintiff, Jamar Antonio Evans, was committed by Officer Moffatt in his individual capacity.

40. As a direct and proximate result of the aforementioned acts, Plaintiff, Jamar Antonio Evans, has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation.

41. As a further direct and proximate result of the conduct of Officer Moffatt, individually, Plaintiff, Jamar Antonio Evans, suffered loss of his liberty and freedom; legal expenses; costs of bond and other related expenses; mental anguish; and loss of capacity for the enjoyment of life. The losses to Plaintiff, Jamar Antonio Evans, are either permanent or continuing and Plaintiff, Jamar Antonio Evans, will suffer the losses in the future.

**WHEREFORE**, Plaintiff, Jamar Antonio Evans, hereby demands judgment for damages against Officer Moffatt, together with costs of this civil action and any further relief this Court deems appropriate.

## COUNT V – STATE LAW
## CLAIM AGAINST OFFICER MOFFATT
## <u>MALICIOUS PROSECUTION</u>

42.     Plaintiff, Jamar Antonio Evans, hereby realleges, readopts, and reincorporates Paragraphs 1 through 20 above as if fully set forth herein.

43.     Officer Moffatt, individually, maliciously instituted and continued a criminal prosecution against Plaintiff, Jamar Antonio Evans. Officer Moffatt commenced and continued the criminal prosecution recklessly, without probable cause, and without due regard for whether the criminal prosecution against Plaintiff, Jamar Antonio Evans, was justified. Officer Moffatt knew that he lied about smelling alcohol on Mr. Evans' breath and even after the breath and urine tests were negative for alcohol use, he took no action to dismiss the criminal charges he had filed against the Plaintiff.

44.     The criminal proceedings instituted and/or continued by Officer Moffatt, individually, reached a bona fide resolution in favor of Plaintiff, Jamar Antonio Evans.

45.     As a direct and proximate result of the acts described above, Plaintiff, Jamar Antonio Evans, has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation.

46.     As a further direct and proximate result of the conduct of Officer Moffatt, individually, Plaintiff, Jamar Antonio Evans, suffered loss of his liberty and freedom, mental anguish, loss of capacity for the enjoyment of life, costs of bond and incurred attorney's fees in the defense of the charges commenced or continued against him. The losses of Plaintiff, Jamar Antonio Evans, are either permanent or continuing and Plaintiff, Jamar Antonio Evans, will suffer the losses in the future.

**WHEREFORE**, Plaintiff, Jamar Antonio Evans, hereby demands judgment for damages against Officer Moffatt, together with costs of this civil action and any further relief this Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff, Jamar Antonio Evans, hereby demands a jury trial in this action.

**DATED** this 9th day of January , 2023.


**DANIEL P. FAHERTY, ESQUIRE**
Florida Bar No. 379697
Telfer, Faherty & Anderson, PLLC
815 South Washington Avenue, Suite 201
Titusville, FL 32780-4299
Telephone No.:   (321) 269-6833
Facsimile No.:    (321) 383-9970
cguntner@ctrfa.com
croca@ctrfa.com
Attorneys for Plaintiff